GEORGE H. HANDY, M.D., State Health Officer Department ofHealth and Social Services
You state that on December 3, 1973, you, as State Health officer, and the Examining Council for funeral directors and embalmers, by joint action, established funeral director guidelines on consumer disclosure, pursuant to the provisions of sec. 156.03 (2) (a), Stats., for the purpose of amplifying and clarifying sec. 156.12 (4), Stats. You further state that said guidelines will be used to determine what constitutes proper business practice in the funeral directing profession. You also state that it is your intent to take action to revoke or suspend licenses of funeral directors who fail to comply with said guidelines pursuant to the provisions of sec. 156.13, Stats. You then request my opinion on the following question:
 "Were these regulations properly developed and will we be able to enforce them, either through the administrative hearing process or through the courts?"
The "guidelines" in essence would require: (1) each funeral establishment to disclose separately in writing the price of the casket, services and other merchandise included in funeral arrangements prior to selection; (2) the funeral service licensee to provide a signed statement to the person or persons making such arrangements prior to the time services are rendered which contains the price of service selected and what services are included therein, the price of each *Page 155 
supplemental item of service or merchandise requested, the amount involved for each item for which the funeral director will advance monies as an accommodation to the family and the agreed upon method of payment; and (3) that the funeral service licensee make an appropriate adjustment or allowance for merchandise not provided or services not rendered and make available for the review of the department records documenting the method or methods used in determining these allowances.
I note that these guidelines were adopted by the joint action of yourself and the Examining Council without notice or hearing, but copies of the guidelines were sent to each funeral establishment in the State of Wisconsin.
Section 156.03 (2) (a), Stats., reads as follows:
 "(2) The state health officer and the examining council by joint action may:
 "(a) Make and enforce rules and regulations not inconsistent with this chapter establishing professional and business ethics for the profession of funeral directors and embalmers and for the general conduct of the business of funeral directing and embalming, and for the examination and licensing of funeral directors and embalmers and the registration of apprentices."
Section 156.12 (4), Stats., reads as follows:
 "(4) No licensed funeral director, licensed embalmer or operator of a funeral establishment shall publish, or cause to be published, any false, misleading or fraudulent advertisement, or take undue advantage of his patrons or commit any fraudulent act in the conduct of his business, or do any other act not in accord with the rules and regulations established by the department
and not in accord with proper business practice as applied to the business or profession of funeral directing and embalming." (Emphasis added.)
In order to answer the question you pose, it is necessary to determine whether these guidelines fall within the exceptions to the notice and hearing requirements for rule making set forth in secs. *Page 156 227.01 (4), (5) and 227.02 (1), Stats. Section 227.02 (1), Stats., reads in part, as follows:
 "227.02 When hearings required. (1) An agency shall precede all its rule making with notice and public hearing unless:
 "(a) The proposed rule is procedural rather than substantive; or
 "(b) The proposed rule is designed solely to bring the language of an existing rule into conformity with a statute which has been changed or adopted since the adoption of such rule, to bring the language of an existing rule into conformity with a controlling judicial decision, or to comply with a federal requirement; or
 "(c) The proposed rule is adopted pursuant to s. 227.027 as an emergency rule; or
 "(d) It is the adoption, revocation or modification of a statement of general policy coming within the provisions of s. 227.01 (4);or
 "(e) The proposed rule is published in the notice section of the administrative register together with a statement to the effect that the agency will adopt the proposed rule without public hearing thereon unless, within 30 days after publication of the notice, it is petitioned for a public hearing on the proposal by 25 persons who will be affected by the rule, a municipality which will be affected by the rule, or an association which is representative of a farm, labor, business or professional group which will be affected by the rule. If the agency receives such a petition it shall not proceed with the proposed rule making until it has given notice and held a hearing as prescribed by ss. 227.021 and 227.022 . . . ."
Section 227.02, Stats., must be read in conjunction with pertinent subdivisions of sec. 227.01, Stats., which read as follows:
 "(3) `Rule' means a regulation, standard, statement of policy or general order (including the amendment or repeal of any of the foregoing), of general application and having the effect of law, issued by an agency to implement, interpret or *Page 157 make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency.
 "(4)Every statement of general policy and every interpretation of a statute specifically adopted by an agency to govern its enforcement or administration of legislation shall be issued by it and filed as a rule. The fact that a statement of policy or an interpretation of a statute is made in the decision of a case or in an agency decision upon or disposition of a particular matter as applied to a specific set of facts involved does not render the same a rule within sub. (3) or constitute specific adoption thereof by the agency so as to be required to be issued and filed as provided in this subsection." (Emphasis added.)
The guidelines are not procedural in nature. There are no existing rules specifically relating thereto. The "guidelines" clearly were not adopted pursuant to sec. 227.027, Stats., as an emergency rule. Section 227.01 (3), Stats., provides that a rule "means a regulation, standard or statement of general policy . . . of general application and having the effect of law, issued by an agency to . . . make specific legislation enforced or administered by such agency . . ." Subsection (4) thereof provides that every "statement of general policy . . . specifically adopted by an agency to govern its enforcement or administration of legislation shall be issued by it and filed as a rule . . ." The "guidelines" do not constitute a statement of policy made in a decision in a case or agency decision upon a particular matter as applied to a specific set of facts involved. I note that sec. 156.12 (4), Stats., provides that no licensed funeral director shall take undue advantage of his patrons in the conduct of his business or do any act not in accord with the "rules and regulations established by the department."
It is my opinion that the guidelines do not fall within the exceptions contained in secs. 227.01 (4), (5) and 227.02 (1), Stats. Since, as you state, your office intends to exercise its supervisory and enforcement powers through revocation or suspension of licenses for failure to comply with said guidelines, the notice and hearing requirements set forth in the Wisconsin Administrative Procedure Act or at least the provisions contained in sec. 227.02 (1) (e), Stats., *Page 158 
should be complied with. I should note at this point that a review of the rules of the department pertaining to the business of funeral directing and embalming and contained in the Wisconsin Administrative Code discloses the following information:
 (1) Chapter H 16 deals with special examinations for licensing funeral directors and embalmers, registration of apprentices as well as matters pertaining to the conduct of the business of funeral directing and embalming; and
 (2) Chapters H 17 and H 18 pertain to matters relating to the general conduct of the business of funeral directing and embalming.
These rules, of course, were adopted pursuant to the provisions of sec. 156.03 (2) (a) and in accordance with the notice and hearing requirements of ch. 227, Stats.
The Wisconsin Supreme Court in Frankenthal v. Wisconsin R.E.Brokers' Board (1958), 3 Wis.2d 249, 88 N.W. 352, affirmed the decision of the lower court that the requirement that all members of a partnership must be licensed as a condition to licensing, contained in the mimeographed instructions issued by the Wisconsin Real Estate Brokers without notice and hearing, constituted a rule within the meaning of the Wisconsin Administrative Procedure Act. Thus, the court concluded said rule could be challenged in a declaratory judgment proceeding pursuant to the provisions of sec. 227.05, Stats. The court affirmed the lower court's decision that the rule was invalid, nugatory and of no effect.
Accordingly, it is my opinion that a court could very well hold that said guidelines constitute rules which could be challenged in a declaratory judgment proceeding pursuant to the provisions of sec. 227.05, Stats., and perhaps would be declared null and void. Consequently, it is my recommendation that you should follow the notice and hearing requirements set forth in ch. 227, or at least the procedure set forth in sec. 227.02 (1) (e), Stats.
RWW:GBS *Page 159